# STATE SUPREME COURT
## Judges, Officers, Proceedings, Sessions and Opinions

## SUPREME COURT of OHIO
### COLUMBUS

Chief Justice—C. T. Marshall, Zanesville.
Judges—R. M. Wanamaker, Akron; Thomas A. Jones, Columbus; Edward S. Matthias, Van Wert; James E. Robinson, Marysville; Florence E. Allen, Cleveland; Robert H. Day, Massillon.
Clerk—Seba H. Miller, Springfield.
Deputy Clerks—Thos. J. Edwards, Lawrence J. Corcoran.
Regular Term—First Tuesday after first Monday of January, at Columbus.
Reporter—John W. L. Henney, Columbus; Bell.
Assistant Reporters—Clinton Collins, H L. Connett, Columbus.

### LAW LIBRARY
Librarian—Louis McCallister, Columbus.
Assistants—Robert L. Hoyt, James P. Martindale, A. W. Buckmaster, W. W. McDonald, all of Columbus; Philip Allen, New Lexington.

## DISTRICT COURTS of U. S.
### No. 449
### UNITED STATES v. WINDOW GLASS MFGRS.
#### Et al
### U. S. Dis. Court, N. D. Ohio, E. D.
### No. 817. Decided Feb. 2, 1923

MONOPOLIES—(1) Direct interference with interstate commerce—(2) Mere manufacture of goods, not interstate commerce—(3) Unreasonable restraint of trade.

WESTENHAVER, J.
#### Epitomized Opinion
This was an action brought by the U. S. Government to enjoin and dissolve an agreement and combination by various glass manufacturers and labor organizations as in restraint of interstate commerce. One of the parties to this wage agreement was the National Association of Window Glass Mfgrs., which was composed of substantially all the makers and producers of hand-blown window glass in this country. The other party, National Association of Window Glass Workers, comprised all the skilled workmen in the hand-blown window glass industry. The contract provided that all the factories in which window glass was manufactured by hand were to be divided into two classes, and each class permitted to operate only half of the time, during which the other class must remain idle. The government claimed that this agreement restricted interstate commerce and that the transaction came within the provisions of the Sherman Anti-Trust Act. The defendants contended that that agreement did not directly involve interstate commerce; that the agreement was made in good faith even though it indirectly affected interstate commerce; and that the restrictions on interstate commerce were not unreasonable. In granting the decree prayed for, the court held:

1. The agreement between two national associations directly restrained interstate commerce, and was material and substantial rather than indirect and incidental.

2. The manufacture and production of articles intended for shipment into another state was not interstate commerce.

3. Although the Sherman Anti-Trust Act prohibits the unreasonable restraint of trade, the agreement was illegal as it was unreasonable in restraint.

Attorneys—Calfee, Fogg & White, and Squire, Sanders & Dempsey, for defendants; Roger Shale, for U. S. Government.

## OHIO SUPREME COURT
### DECIDED CASES
#### SYLLABI
No. 17894—State ex rel. Forchheimer v. LeBlond et al., Judges. In Prohibition.

STATUTES—(1) Inperfections of do not make invalid, unless so maningless as not to be enforceable—(2) Injury as to should be as to other laws—(3) Caution required—(4) References to Appendix of GC.—(5) Superior Court, legislative authority over—(6) Transfer of jurisdiction, to Common Pleas—(7) Cincinnati Southern Railway Co. legislature may change its authority.

MARSHALL, C. J.
1. Legislation otherwise valid will not be judicially declared null and void on the ground that the same is unintelligible and meaningless unless it is so imperfect and so deficient in its details as to render it impossible of execution and enforcement, that is to say, so uncrtain and indefinite as not to indicate the matter or thing to which it relates or the the purpose to be served.

2. In harmony with other rules of construction, the courts should resort in such inquiry to all statutes in pari materia.

3. The courts should not declare a statute void on the ground that it is unintelligible and meaningless, in a doubtful case. A proper deference to the legislative branch of the government requires that such qustions should be approached with cautious circumspection.

4. The Appendix to the General Code is a part of the General Code to all intents and purposes, and a reference to parts of such appendix by section numbers will not be disregarded as unintelligible and meaningless.

5. The Superior Court of Cincinnati was created by the legislature, and the legislature has the power to abolish it or to modify its jurisdiction.

6. Section 6 of the act of April 29, 1921 (109 OL. 354), whereby certain jurisdiction is taken from the Superior Court of Cincinnati and conferred upon the Court of Common Pleas of Hamilton county, does not conflict with any provisions of either the constitution of the United States or State of Ohio.

7. A municipal corporation in Ohio owning and operating a railroad under general legislative authority enacted since the adoption of the Constitution of 1851 acts in the performance of a private or proprietary function, and is subject to the same rules and entitled to the same constitutional protection as a private corporation. It is a corollary thereto that the provisions of Section 2, Article XIII of the Ohio Constitution, give the legislature power to alter or repeal such authority.
Writ denied.
Wanamaker, Matthias, Day and Allen, JJ., concur. Robinson and Jones, JJ., concur in propositions 5, 6 and 7 of the syllabus and in the judgment.